996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clenther D. DEMERY, Defendant-Appellant.
 No. 92-3636.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1993.
 
 Before KEITH and SILER, Circuit Judges, and WOODS, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Clenther Dion Demery appeals from a judgment of conviction following his plea of guilty to attempting to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846. This appeal presents the issue of whether a defendant's failure to conditionally plead guilty precludes appellate review of the denial of a pretrial motion to suppress. Concluding that it does, we affirm the district court's judgment.
 
 I.
 
 2
 This case has its genesis in a package addressed to "Marcus Walters" that was mailed from Los Angeles to Cincinnati in October, 1991. The address shown, however, listed a street not in Cincinnati; in the Postal Service's attempt to track down the intended recipient, it misdelivered the package to a man in Columbus, who opened the package and alerted law enforcement authorities that the package apparently contained cocaine. Meanwhile, a man calling himself Marcus Walters made inquiries to postal authorities in Cincinnati about the lost package. He told the postal authorities that the address on the package had been miswritten and supplied them with a correct address. The Drug Enforcement Agency (DEA) then arranged a controlled delivery to that address. Defendant answered the door, identified himself as Marcus Walters, and signed for the package. He was immediately arrested.
 
 
 3
 Demery was then taken to the DEA office for processing, and there advised of his Miranda[1] rights. According to defendant, before he had been advised of his Miranda rights, a DEA agent asked him for his address, among other things, in order to fill out a personal history questionnaire. The address Demery gave was the same as the return address on the package.
 
 
 4
 Demery filed a motion to suppress all of his statements made subsequent to his arrest. Specifically, he asserted that asking him his address during processing constituted interrogation.[2] The district court denied the motion, holding that the question fell within an exception to Miranda allowing for routine booking questions.
 
 
 5
 Following the suppression hearing, but before Demery entered a guilty plea, the court engaged in the following colloquy with counsel:
 
 
 6
 [The Government]: ... Mr. Gustafson indicated that Mr. Demery may be interested in a plea.
 
 
 7
 [The Court]: That would be fine.... He could preserve his rights to appeal the Miranda because I think it's a good question, I really do. I don't know the answer. Well, I do know the answer. I gave the answer.... Does he, I mean, does he know he can preserve his right to appeal?
 
 
 8
 [Defense Counsel]: We haven't discussed it all. The relationship with Mr. Demery--
 
 
 9
 [The Court]: Is tenuous.
 
 
 10
 After having been questioned by the court extensively to ensure that the plea was made voluntarily and with an understanding of the nature of the charge and the consequence of the plea, Demery then pled guilty unconditionally, pursuant to an oral plea agreement with the U.S. Attorney's office. Demery made no attempt to preserve his right to appeal the outcome of the suppression hearing.
 
 II.
 
 11
 The government contends that because Demery entered a straight, rather than a conditional, guilty plea, there can be no appellate review. In response, the defendant suggests two reasons why there was a lack of waiver in the defendant's failure to plead conditionally guilty. First, the district court failed to ask the defendant whether he knowingly abandoned the right to appeal the issues raised in his pretrial motion before it accepted his guilty plea. We note, however, that Fed.R.Crim.P. 11(c) delineates the information that the district court must provide to a defendant before accepting a guilty plea, and the requisite advice does not include warning the defendant that he is foregoing his right to appeal the denial of any pretrial motions.
 
 
 12
 The defendant next suggests that because the district court advised, prior to the defendant's guilty plea, the issue raised in the motion to suppress was a "good question" that could be preserved for appeal, he is somehow exempted from having failed to plead guilty conditionally. Fed.R.Crim.P. 11(a)(2), however, allows a defendant who wishes to plead guilty to preserve his right to appeal pretrial motions, if he follows a specific procedure:
 
 
 13
 Conditional Pleas. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.
 
 
 14
 Furthermore, this court recently considered this waiver question in United States v. Pickett, 941 F.2d 411, 416 (6th Cir.1991), when it held that review of a disposition of a pretrial motion was precluded by the defendant's failure to enter a conditional plea of guilty or nolo contendere.
 
 
 15
 Pickett does not leave room for dispute. Demery's failure to plead guilty conditionally and to preserve the district court's disposition of his motion to suppress for appellate review operates as a bar to appellate review of the district court's denial of his motion to suppress. Under Fed.R.Crim.P. 11(a)(2), this court lacks jurisdiction to now consider the merits of his claim.
 
 III.
 
 16
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 Demery also asked for suppression of several other statements, but did not renew those claims before this court. Issues raised in the district court, yet not raised on appeal, are considered abandoned on appeal and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992)