NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0399n.06
Filed: June 14, 2007

No. 06-3754

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| KENYATTA JACKSON, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: ROGERS and COOK, Circuit Judges; and DOWD, District Judge.[*]

COOK, Circuit Judge. Kenyatta Jackson pleaded guilty to one count of possessing with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(iii), and to one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Jackson appeals the district court's denial of his motion to withdraw his guilty plea and his motion to suppress his post-*Miranda* confession. We affirm.

I

---

[*]The Honorable David Dudley Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Jackson went to the Westside Child Daycare Center and handed a box to a school employee for safekeeping. The employee opened the box, saw a gun inside, closed it, and called the Columbus police. Jackson saw the officers arrive and ran to the basement to hide. He hid a bag of crack cocaine and his gun there before attempting to leave the school. The police caught Jackson, arrested him, and placed him in a police cruiser. They searched the school and found the loaded gun and crack in the daycare basement.

While in the back of the police cruiser, Officer Christine Nemchev told Jackson, who had yet to be given his *Miranda* warnings, that he might as well come clean. Jackson told the officer that the school employee had no right to look in the box he gave her. Two hours later, the Columbus Police Department's (CPD) liaison to the ATF, Brett Slaughter, and an ATF special agent, Beth Dallas, interviewed Jackson at CPD headquarters. They first advised him of his *Miranda* rights and, after he waived them, ensured that the waiver was knowing and voluntary. Jackson confessed to Dallas and Slaughter and indicated his desire to cooperate with law enforcement. After he was indicted, Jackson moved to suppress the statements in the cruiser and his confession to Dallas and Slaughter. The district court granted his motion with respect to the cruiser statements and denied it with respect to his confession.

Jackson initially pleaded not guilty, but later accepted a charge bargain. He entered an unconditional plea to possessing crack with intent to distribute and possessing the gun in furtherance of a drug trafficking crime. After Jackson pleaded guilty, his counsel moved to withdraw, and he

was appointed new counsel. Before sentencing, he moved to withdraw his guilty plea. The district court denied the motion, finding that Jackson had failed to establish a fair and just reason under Rule 11(d)(2)(B), and sentenced him to 120 months. He now appeals both the denial of his motion to suppress and the denial of his motion to withdraw his plea.

II

We review a "district court's denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (citing *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998)). After the district court accepts the plea, a defendant may withdraw that plea before he is sentenced only if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Quinlan*, 473 F.3d 273, 276 (6th Cir. 2007). Jackson bears the "burden to demonstrate that proper grounds exist for the granting of such a motion." *Dixon*, 479 F.3d at 436 (citing *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987)).

We look to seven factors when deciding whether a defendant can provide a "fair and just" reason for withdrawing his plea:

(1) the amount of time that elapsed between the plea and the motion to withdraw it;
(2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
(3) whether the defendant has asserted or maintained his innocence;

(4) the circumstances underlying the entry of the guilty plea;

(5) the defendant's nature and background;

(6) the degree to which the defendant has had prior experience with the criminal justice system; and

(7) potential prejudice to the government if the motion to withdraw is granted.

*Dixon*, 479 F.3d at 436 (quoting *Pluta*, 144 F.3d at 973); *accord Quinlan*, 473 F.3d at 276-77; *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006); *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994). Although the district court used a five-factor test, *see, e.g.*, *United States v. Riascos-Suarez*, 73 F.3d 616, 621 (6th Cir. 1996), the two tests are virtually identical, and we will apply the seven-factor test set forth above.

Jackson's primary reason for asking the court to allow him to withdraw his plea is rooted in the fourth factor—circumstances underlying the plea. He argues that the district court erred by misstating the § 924(c) elements during the plea colloquy when it explained, "Count 2, the charge of possession of a firearm in furtherance of a drug trafficking crime, the elements are as follows: first that you knowingly possessed a firearm, and, second, the possession was in furtherance of or was possessed to aid in the commission of a drug trafficking crime . . . ."

Section 924(c) prohibits using a firearm in furtherance of a drug trafficking crime or carrying a firearm during and in relation to a drug trafficking offense. *United States v. Combs*, 369 F.3d 925, 932 (6th Cir. 2004). Jackson argues that the district court's adding of the phrase "aid in the commission of" erroneously described the § 924(c) elements. The government counters that the

phrase merely defines "in furtherance of." We have interpreted "in furtherance of" to require a specific nexus between the gun and the crime charged. *See, e.g.*, *Combs*, 369 F.3d at 933; *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001). The gun must advance, promote, or facilitate the crime. *See Mackey*, 265 F.3d at 461; *United States v. Paige*, 470 F.3d 603, 609 (6th Cir. 2006). While § 924(c) does not read as the district court said, there seems little light between "aid" and "furtherance" in this context, and any error strikes us as minor.

Jackson does not allege any specific confusion as a result of the district court's technical misstatement of the § 924(c) elements. He does not explain what he thought "aid" meant and how that might be different than "furtherance," and, even assuming the district court's recitation of the § 924(c) elements actually confused him, why he would have pleaded guilty to possessing a gun to aid the commission of a drug offense but not to possessing a gun to further a drug offense.

Nor should the district court's misstatement be examined in a vacuum. The indictment alleged that Jackson "did knowingly possess a firearm . . . in furtherance of a drug trafficking crime." During the plea colloquy, the district court asked Jackson whether he had been furnished with the indictment, whether he understood the nature and meaning of the crimes, whether he discussed the crimes with his attorney, and whether his attorney fully advised him of the nature and meaning of the crimes. Jackson answered "yes" to each of these questions. He also admitted the factual basis of the § 924(c) charge. Furthermore, in his plea agreement, Jackson agreed in writing to plead guilty to "possession of a firearm in furtherance of a drug trafficking crime."

Although we agree with Jackson that the district court should not have inserted the language "to aid in the commission of," his task is to provide us a reason to allow him to withdraw his plea. We recognize the possibility of a district court so misstating the elements of a crime that a defendant could rightly complain that he did not know to which offense he was pleading guilty. *See United States v. Gandia-Maysonet*, 227 F.3d 1, 3-5 (1st Cir. 2000) (allowing a defendant to withdraw his plea where the trial court repeatedly misstated the scienter element). The misstatement here was far less serious than the one in *Gandia*, and Jackson has not shown how the district court's alleged error actually prejudiced him.[1] Simply put, the circumstances underlying the plea do not warrant allowing Jackson to withdraw it.

The amount of time between Jackson's entry of the plea and his motion to withdraw—forty days—also militates against allowing withdrawal. Generally, the shorter a defendant's delay between entering a plea and moving to withdraw it, the more favorably disposed the court is to withdrawal. Conversely, "a defendant's reasons for [moving to withdraw a plea] will be more closely scrutinized when he has delayed his motion for a substantial length of time." *Ellis*, 470 F.3d

---

[1] In his brief, Jackson mentioned Rule 11(b)(1)(G) (requiring district courts to explain "the nature of each charge to which the defendant is pleading"), although he requested only that he be allowed to withdraw his plea under Rule 11(d)(2)(B). At oral argument, Jackson's counsel relied primarily on Rule 11(b)(1)(G) and suggested relief under that section would be appropriate as well. A defendant may request that an appellate court vacate a guilty plea for failure to comply with Rule 11(b). Jackson has not argued for such relief except cursorily. *See Meridia Prods. Liab. Litig. v. Abbott Labs.*, 447 F.3d 861, 868 (6th Cir. 2006) (declining to consider an inadequately developed argument). That said, because Jackson failed to object contemporaneously, we would review for plain error. *United States v. McCreary-Redd*, 475 F.3d 718, 721 (6th Cir. 2007). And given that we find no prejudice, any Rule 11(b)(1)(G) error would not permit us to vacate Jackson's plea.

at 281 (quoting *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996)). Numerous decisions of this court have found that delays on the order of forty days weigh against granting the motion to withdraw. *See, e.g.*, *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) (seventy-five days); *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) (seventy-seven days); *Baez*, 87 F.3d at 808 (sixty-seven days); *Bashara*, 27 F.3d at 1181 (forty-six days); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (fifty-five days); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (thirty-six days).

None of the other *Dixon* factors supports allowing Jackson to withdraw his plea. Other than a generalized complaint about his counsel, Jackson offers no specific reason why he failed to withdraw his plea earlier. Furthermore, we will not read Jackson's not-guilty plea as an assertion of innocence within the meaning of the third factor. Finally, we note that Jackson's lack of formal education is not a reason to excuse a guilty plea, especially considering his veteran status with the criminal justice system. And given that the first six factors weigh against allowing Jackson to withdraw his plea, we need not consider the seventh factor—prejudice to the government. *See United States v. Lineback*, 330 F.3d 441, 445 (6th Cir. 2003) (Gilman, J., concurring) ("[W]here a defendant fails to show [a reason for withdrawing his plea], the court need not consider . . . whether the withdrawal would prejudice the government." (citing *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991))).

Jackson bears the burden to show a fair and just reason that would entitle him to withdraw his guilty plea under Rule 11(d)(2)(B). We agree with the district court's exercise of discretion here in finding Jackson failed to carry his burden.

### III

Jackson also appeals the district court's denial of his motion to suppress. Jackson, however, did not enter a conditional guilty plea, Fed. R. Crim. P. 11(a)(2), which would have allowed him to appeal "an adverse ruling on a pre-plea motion to suppress evidence." *United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003). Jackson waived his right to appeal this ruling, and we affirm on that basis.

### IV

Because the district court properly denied Jackson's motion to withdraw his guilty plea and Jackson has waived his right to appeal the denial of the suppression motion, we affirm the judgment of conviction.