34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlton MAYO, Defendant-Appellant.
 No. 93-6384.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: KENNEDY, RYAN, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Carlton Mayo appeals his conviction based on a jury verdict for possession with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1), and aiding and abetting thereof, in violation of 18 U.S.C. Sec. 2. Defendant asserts that (1) there was insufficient evidence to support the conviction and that (2) the District Court erred in denying his request to advise the jury of the potential range of punishment. For the reasons stated below, we affirm.
 
 I.
 
 2
 Defendant challenges his drug conviction on the ground of insufficient evidence. We find no merit to this claim. Military Police Officer Marcus Ridley testified that he arranged with an informant named Vera Henderson to purchase 50 rocks of cocaine base or "crack" for $400 from Henderson and defendant. Pursuant to that arrangement, Henderson and defendant met Ridley in a bowling alley parking lot on Fort Campbell, Kentucky. Ridley, posing as a drug-buyer, climbed into the backseat of Henderson's car and sat directly behind defendant who was seated in the front passenger seat. Defendant told Ridley he had the drugs and held up a plastic zip-lock bag which appeared to contain cocaine. Ridley felt the bag to confirm its contents. Ridley then signaled to surveillance officers who arrested defendant. Ridley observed Officer Lawrence Stamper, one of the arresting officers, seize a zip-lock bag from the front seat of the car. Stamper testified that his post-arrest search of defendant's person produced a lip-balm vial and a pager. Stamper then searched the car and recovered a zip-lock bag from the front passenger seat. The vial and bag were tested and found to contain crack cocaine. Officer Ridley testified that the crack-containing bag recovered from the car looked exactly like the bag he had seen defendant holding. During a post-arrest interrogation, defendant said that he did not bring any cocaine onto Fort Campbell, but he admitted that he had been asked by a girl to ride with him to deliver some cocaine and that he was to receive one-hundred dollars for it. We conclude that the evidence was more than ample to entitle the jury to find defendant guilty of the charged offense.
 
 II.
 
 3
 Defendant's second argument is that the District Court erred in denying his motion to advise the jury, by voir dire, argument or instruction, of the range of punishment to which defendant was subject. Defendant's motion was properly denied. The function of the jury in this case was to determine defendant's guilt or innocence. Determining defendant's sentence was the role of the court. In such cases, the well-established principle is that the jury should not be informed of the defendant's potential punishment. See Shannon v. United States, 114 S.Ct. 2419 (1994); Rogers v. United States, 422 U.S. 35 (1975). In fact, "when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.' " Shannon, 114 S.Ct. at 2424 (citing Rogers, 422 U.S. at 40).
 
 
 4
 Conceding this general rule, defendant argues that it should not apply here because the trial court's discretion was limited by the sentencing guidelines and "[t]hus, the historic rationale for refusing to allow juries to have knowledge of the potential sentences ... no longer exists." The rationale for the rule, however, is not based on the scope of the trial court's sentencing discretion. Rather, as the Supreme Court recently stated:
 
 
 5
 The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task.
 
 
 6
 Shannon, 114 S.Ct. at 2424.
 
 III.
 
 7
 For the foregoing reasons, defendant's conviction is AFFIRMED.