RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0149p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————

UNITED STATES OF AMERICA,
        *Plaintiff-Appellant/Cross-Appellee,*

v.                                                              Nos. 15-3263/3309

RYAN P. COLLINS,
        *Defendant-Appellee/Cross-Appellant.*

—————————————

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 5:14-cr-00279-1—James S. Gwin, District Judge.

Argued: April 28, 2016

Decided and Filed: June 29, 2016

Before: GUY, BATCHELDER, and COOK, Circuit Judges.

—————————————

## COUNSEL

**ARGUED:** Michael A. Sullivan, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellant/Cross-Appellee. Robert D. Cheren, SQUIRE PATTON BOGGS (US) LLP, Cleveland, Ohio, for Appellee/Cross-Appellant. **ON BRIEF:** Michael A. Sullivan, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellant/Cross-Appellee. Robert D. Cheren, SQUIRE PATTON BOGGS (US) LLP, Cleveland, Ohio, for Appellee/Cross-Appellant.

—————————————

## OPINION

—————————————

RALPH B. GUY, JR., Circuit Judge. The government appeals defendant's concurrent five-year sentences for receiving and distributing child pornography, 18 U.S.C. § 2252(a)(2), and possessing child pornography, 18 U.S.C. § 2252A(a)(5)(B). We affirm.

## I.

Investigators used peer-to-peer software to download child pornography from defendant's computer.  They later confiscated his computer and found 19 videos and 93 images depicting child pornography.  Although defendant signed custodial statements admitting to searching for and downloading child pornography, he disavowed these statements during his trial testimony.  Following trial, the jury found defendant guilty on both counts.

Defendant's calculated sentencing guidelines range was 262 to 327 months, above the statutory twenty-year maximum for his offenses.  *See* 18 U.S.C. §§ 2252(b)(1), 2252A(b)(1).  At sentencing, Judge James S. Gwin revealed that, after the verdict, he "polled the jury to ask them . . . 'State what you believe an appropriate sentence is.'"  Jurors' responses ranged from zero to 60 months' incarceration, with a mean of 14.5 months and median of 8 months.  With one exception, every juror recommended a sentence less than half of the five-year mandatory minimum accompanying defendant's offenses.  *See* 18 U.S.C. §§ 2252(b)(1), 2252A(b)(1).  Each juror's recommendation was but a fraction of defendant's calculated guidelines range.

Over the government's objection, the district judge considered the jury poll as "one factor" in fashioning defendant's sentence, noting that it "reflect[s] . . . how off the mark the Federal Sentencing Guidelines are."  After discussing numerous sentencing factors under 18 U.S.C. § 3553(a), the district judge varied downward, sentencing defendant to concurrent mandatory minimum terms of five years' imprisonment.  The government reiterated its objection to the variance based on the jury poll, but raised no other objection to the sentence.  The government appealed, challenging the district judge's use of the jury poll and his alleged failure to adequately consider deterrence as a sentencing factor.

## II.

We review the reasonableness of a sentence for an abuse of discretion, giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A district court abuses its discretion in the sentencing context if it "commit[s a] significant procedural error," *id*., "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant

sentencing factors, or gives an unreasonable amount of weight to any pertinent factor," *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

Because the government did not object to defendant's sentence on grounds that the district court inadequately considered deterrence under § 3553(a), we review that issue for plain error. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc).

**III.**

The propriety of jury polling in imposing a sentence is an issue of first impression. In *United States v. Martin*, we commented in passing on the same judge's use of results of prior jury polls as an "academic exercise" which he believed provided "some suggestion" that the defendant deserved a below-guidelines sentence. 390 F. App'x 533, 535 (6th Cir. 2010). We questioned whether jury polling provided "meaningful data with which to assess the suitability of the applicable Guidelines" given that a jury lacks "the tools necessary for the sentencing decision," i.e., "the punishment selected by Congress and congressional policy concerns, the Guidelines adopted by the Sentencing Commission and the applicable range, and the information in the [presentence report]." *Id.* at 528. Nevertheless, we concluded that the district judge properly carried out his sentencing function because he had not "relied solely, or even primarily, upon the juror surveys and then ignored the [§ 3553(a) factor] results." *Id.* The case at hand requires us to squarely address what was mere *dicta* in *Martin*: whether the district judge's explicit consideration of a jury sentencing poll rendered the resultant sentence substantively unreasonable. We conclude that, in these circumstances, it did not.

The government first contends that the district judge's reliance on the jury poll impermissibly conflates the distinct roles of judge and jury. The United States Supreme Court has expressed concern over the commingling of the judge's sentence-crafting function and the jury's fact-finding function. Stating that such intermingling "invites them [jurors] to ponder matters that are not within their province," the Court concluded that "[i]nformation regarding the consequences of a verdict is . . . irrelevant to the jury's task." *Shannon v. United States*, 512 U.S. 573, 579 (1994). However, because the district judge conducted the poll after the jury reached a verdict, it did not implicate the concerns raised by the Court in *Shannon* and by Courts

of Appeals elsewhere. *See, e.g., United States v. Polouizzi*, 564 F.3d 142, 159-61 (2d Cir. 2009) (a defendant has no right to inform the jury of an applicable mandatory minimum sentence); *United States v. Mayo*, 34 F.3d 1068, *1 (6th Cir. 1994) (Table) ("the well-established principle is that the jury should not be informed of the defendant's potential punishment"). Accordingly, the district judge's use of a jury poll as one factor in formulating defendant's sentence did not conflate the respective duties of judge and jury.

The government also argues that the jury poll was an "impermissible factor[]" for the district judge to consider in crafting an appropriate sentence. *Conatser*, 514 F.3d at 520. We again disagree. Federal law provides nearly unfettered scope as to the sources from which a district judge may draw in determining a sentence. 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *see also United States v. Watts*, 519 U.S. 148, 151-52 (1997) (per curiam) ("Highly relevant – if not essential – to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949))).

District courts also have the authority to "reject the Guidelines sentencing ranges based on articulated policy disagreements in a range of contexts." *United States v. Kamper*, 748 F.3d 728, 741 (6th Cir. 2014). Indeed, we have suggested the plausibility of rejecting guidelines ranges in child pornography cases based on policy disagreements. *See United States v. Bistline (Bistline I)*, 665 F.3d 758, 762-64 (6th Cir. 2012) (finding that the district court "did not seriously attempt to refute" the judgments underlying the guidelines).

When establishing the Sentencing Commission, Congress directed it to take "the community view of the gravity of the offense" into account when crafting appropriate criminal sanctions. 28 U.S.C. § 994(c)(4). As reflected in his writing on the subject, and briefly in the sentencing hearing below, the district judge reasons that the Commission fell short of this directive. *See* Judge James S. Gwin, *Juror Sentiment on Just Punishment: Do the Federal Sentencing Guidelines Reflect Community Values?*, 4 HARV. L. & POL'Y REV. 173, 185 (Winter 2010) (In basing the guidelines on sentences in 10,000 past cases, "the Sentencing Commission

did not attempt independently to determine sentences that would accurately reflect community sentiment" and "[t]hus . . . relied on inputs distant from any meaningful measurement of community sentiment – past or present."). In an effort to address this perceived defect in the Sentencing Guidelines, the district judge considered the jury's sentencing recommendation as "just one factor" in assessing "the most important [§ 3553(a)] factor . . . just punishment." *See* 18 U.S.C. § 3553(a)(2)(A) (sentencing court must consider "the seriousness of the offense . . . and . . . just punishment for the offense"). The district judge made it clear that "their [the jurors'] recommendation is not in any way controlling."

Though we reiterate that juries lack "the tools necessary for the sentencing decision," *Martin*, 390 F. App'x at 538, they can provide insight into the community's view of the gravity of an offense. *See* Gwin, *supra* at 193-94; *see also Ring v. Arizona*, 536 U.S. 584, 615-16 (2002) (BREYER, J., concurring) (jurors "reflect more accurately the composition and experiences of the community as a whole" and are "better able to determine in the particular case the need for retribution") (internal quotations and citations omitted). The jury did not determine or impose defendant's sentence. Rather, the district judge – who does possess the necessary tools for the sentencing decision – was at all times interposed between the jurors' views of an appropriate sentence and the sentencing guidelines' § 3553(a) factors. Considering the jury's sentencing recommendation as part of the sentencing calculus did not conflict with the district judge's duty or ability to properly weigh the § 3553(a) factors and independently craft an appropriate sentence.

Moreover, we find that the district judge otherwise properly carried out his sentencing function, and that the resulting downward variance was not unreasonable. *See Gall*, 552 U.S. at 53 (upholding a variance where the district judge "correctly calculated the applicable Guidelines range, allowed both parties to present arguments as to what they believed the appropriate sentence should be, considered all of the § 3553(a) factors, and thoroughly documented his reasoning"); *see also United States v. Madden*, 515 F.3d 601, 610 (6th Cir. 2008) (district courts "may exercise discretion in determining how much explanation is necessary"). The district judge noted the applicable guidelines range of 262 to 327 months. He cited defendant's lack of prior convictions, absence of alcohol or drug abuse, possession of a college degree, regular

employment, close family ties, and financial responsibility as considerations favoring a lighter sentence.

As to the § 3553(a)(2) factors, the district judge discussed deterrence and protection of the public, finding neither a major factor. Although the government argues the district judge failed to adequately consider deterrence, the record reflects a sufficiently detailed explanation of why he believed neither specific nor general deterrence compelled a longer sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007) (the district court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.") The district judge cited just punishment as "the most important factor," albeit tempered by "how off the mark the Federal Sentencing Guidelines are." As to unwarranted sentence disparities, the district judge found that "in terms of the conduct, there's nothing that is significantly more or less aggravating than these [sic] typical child pornography cases." He also ordered restitution to two identified victims.

We are satisfied with the district court's discussion of the sentencing factors in granting defendant a downward variance. *Compare Bistline I*, 665 F.3d at 765-67 (finding a variance unreasonable where the district court made no genuine effort to discuss the § 3553(a) factors), *with United States v. Klups*, 514 F.3d 532, 537 (6th Cir. 2008) (upholding a variance where the district court "inquired into the factors set forth in § 3553(a)(2)(A), (C), and (D)"); *see also United States v. Buchanan*, 449 F.3d 731, 741 (6th Cir. 2006) (per curiam) (SUTTON, J., concurring) ("A trial judge . . . can reference [the § 3553(a) factors] briefly and still exercise [independent] judgment."). Defendant's sentence therefore was not substantively unreasonable. *Conatser*, 514 F.3d at 520. We find that the district court did not abuse its discretion.

**AFFIRMED.**