NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0005n.06

No. 16-3292

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Jan 04, 2017

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| MELVILLE DONALD HAYES, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MERRITT, ROGERS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Melville Donald Hayes pled guilty to making a false statement on a tax form in violation of 26 U.S.C. § 7206. Hayes's Guidelines range was zero to six months in prison, but the district court sentenced him to fifteen months. Hayes now argues that his sentence is both procedurally and substantively unreasonable. We affirm.

I.

From 2005-07, Hayes underpaid his taxes by a total of $125,753.62. The IRS sought to collect that amount in 2009 and to that end asked Hayes to complete a Form 433-A. On the form, Hayes attested that he had not "transferred any assets for less than their full value" in the past ten years. That was untrue, for in 2007-08 Hayes had given his mother nearly $140,000 worth of antiques, artwork, and jewelry for no cost. Based in part on that misrepresentation, the IRS closed its collection case, concluding that, if Hayes were forced to pay his tax debt, he would be unable to afford basic living expenses.

Months later, Hayes's misrepresentation came to light, and he pled guilty to making a false statement on his Form 433-A. As part of the plea agreement, the parties stipulated that "no tax loss resulted from [Hayes's] offense."

The district court grappled with that stipulation at two pre-sentencing hearings. At the first hearing, the court pointed out that Hayes's false statement had prevented the IRS from collecting his unpaid taxes. The parties conceded that was true, but insisted it was irrelevant for sentencing purposes. A defendant can cause a "tax loss" only once, the parties reasoned, and Hayes had caused this loss when he underpaid his taxes, not when he lied to the IRS.

At the second pre-sentencing hearing, the court accepted that Hayes's false statement had not caused a "tax loss" as defined by the Guidelines, and that Hayes's sentencing range was therefore zero to six months. But "tax loss" or not, the court found, Hayes's false statement had undoubtedly caused real-world harm to the Government. Specifically, the court determined that, if Hayes had not lied on his Form 433-A, the IRS would have collected at least $125,753.62 from him, and potentially more given that he had also underpaid his 2008-09 taxes. The court said that it planned to consider that harm when it weighed the 18 U.S.C. § 3553(a) factors. The court warned Hayes that, to account for that harm, the court might need to impose a sentence above the Guidelines range.

At sentencing, the district court reiterated the following: that Hayes's Guidelines range was zero to six months; that the range reflected a "tax loss" of zero; that, in actuality, Hayes had cost the Government more than $125,000; and that, to account for that harm, the court "ha[d] at its disposal an upward . . . variance." The court then addressed the remaining § 3553(a) factors. Hayes did not need to be rehabilitated, the court found, and any sentence the court imposed was unlikely to deter future offenders. 18 U.S.C. § 3553(a)(2)(B),(C),(D). Further, Hayes had been a

"good son" to his elderly mother, and had served his community as both a "talented professional" and an active philanthropist. *Id.* at § 3553(a)(1). But Hayes had failed to pay his taxes despite having the means to do so, and had refused to admit (even at sentencing) that he had tried to deceive the IRS. *Id.* Finally, given that the court had imposed "heavy prison sentences" on defendants who had "stolen far less" than Hayes had, the court said that it could not grant Hayes's request for probation without diminishing public respect for the law. *Id.* at § 3553(a)(2)(A).

The court then sentenced Hayes to fifteen months in prison. This appeal followed.

## II.

Hayes challenges his sentence on four grounds. He first argues that his sentence is procedurally unreasonable because, he says, the district court failed to explain why it sentenced him above the Guidelines range. After announcing Hayes's sentence, the court asked Hayes if he had any procedural objections. Hayes's attorney responded, "I'm going to object [] procedurally," but he did not identify any specific error he thought the district court had committed. We therefore review for plain error. *United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009).

When a district court imposes a sentence outside the applicable Guidelines range, the court must state its "specific reason[s]" for doing so. 18 U.S.C. § 3553(c)(2). The court must also reiterate those reasons in a Statement of Reasons attached to the judgment. *Id.* Under the plain-error standard, a court's oral explanation is sufficient unless it is "so threadbare or ambiguous" that it "preclude[s] meaningful appellate review." *United States v. Zobel*, 696 F.3d 558, 568 (6th Cir. 2012). When a court's oral explanation is sufficient, we will not vacate a sentence for plain error, even if the court's written explanation is "sparse." *Id.* at 566-67.

Here, given what the district court said at sentencing, we have no trouble discerning why the court sentenced Hayes above the Guidelines range. The court determined that Hayes's false statement had cost the Government at least $125,753.62. But that harm did not qualify as a "tax loss" for Guidelines purposes, and thus Hayes's sentencing range did not account for a cent of it. The court said that it planned to consider that harm as part of its § 3553(a) calculus. And the court warned Hayes that, to account for the harm, the court might have to impose a sentence above the Guidelines range. On those facts, the court adequately explained the sentence. Hayes's procedural challenge therefore fails.

We review Hayes's remaining challenges to his sentence for abuse of discretion. *United States v. Collins*, 828 F.3d 386, 388 (6th Cir. 2016).

Hayes argues that the district court failed to consider the Guidelines range. As discussed above, however, the court calculated the range, recited the range in open court, and sentenced Hayes above the range because the range did not account for the harm that Hayes had caused the Government. Hence, this argument fails.

Hayes next argues that the district court placed excessive weight on the need "to promote respect for the law." 18 U.S.C. § 3553(a)(2)(A). That must be so, Hayes says, because all "the other § 3553(a) factors . . . favored leniency." But again, that is not what the court found. As discussed above, the court placed great weight on the $125,753.62 that Hayes had prevented the IRS from collecting, which reflected the "seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A). The court also recited several "circumstances of the offense"—including Hayes's failure to pay his taxes despite having the money to do so—that favored a longer sentence. 18 U.S.C. § 3553(a)(1). Thus, while Hayes is correct that some of the § 3553(a)

factors favored leniency, others pointed in the opposite direction. The district court did not abuse its discretion in this respect either.

Hayes's final argument is that, in weighing the need to promote respect for the law, the court counted "his socioeconomic status [as] a strike against him" in violation of U.S.S.G. § 5H1.10. The court did nothing of the kind. Instead, in rejecting Hayes's request for a non-custodial sentence, the court said that it routinely sentenced defendants who had stolen far less than Hayes had to long prison terms, and hence that, if the court sentenced Hayes to probation, the public might lose faith in the law's evenhandedness. There was nothing discriminatory or otherwise improper about that reasoning.

*        *        *

The district court's judgment is affirmed.