NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0212n.06

No. 16-2068

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Apr 11, 2017

DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,  )
                                           )
    Plaintiff-Appellee,  )
                                             )
v.  )  On Appeal from the United States
                                             )  District Court for the Eastern
RODOLFO MORENO,  )  District of Michigan
                                             )
    Defendant-Appellant.  )
                                             )
_____/

**Before: GUY, SILER, and DONALD, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Defendant, Rodolfo Moreno, appeals his sentence as a career offender. We affirm.

## I.

Defendant has committed multiple drug offenses dating back to at least 2004. While he was serving home confinement following conviction for conspiring to distribute crack cocaine and marijuana, he purchased heroin from Bradley Atan. When an officer began to follow Atan's car, Atan led the officer on a high-speed chase that culminated in an officer apprehending defendant on foot. Officers found a small quantity of heroin on

defendant, and roughly 75 grams of heroin in and around baggies he dropped during the pursuit.

Defendant pleaded guilty to conspiracy to distribute heroin, 21 U.S.C. § 846, and possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1). Defendant did not seek a plea agreement because he intended to challenge the prosecution's position that he qualified as a career offender under the sentencing guidelines. The probation officer recommended a guidelines range based on his career offender status, and defendant objected.

The district court addressed this and defendant's other objections to the PSR, overruling them and finding that he qualified as a career offender. The district court noted that, during a sentencing in 2008, a judge had "found [defendant] to be a career offender . . . on the same criminal record that is before this Court." The district court sentenced defendant at the bottom of the guidelines to 151 months' imprisonment and four years of supervised release. Defendant appeals, renewing his objection to career offender classification and newly challenging the constitutionality of the career offender guidelines.

## II.

We review the district court's sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion in the sentencing context if it 'commit[s a] significant procedural error,' 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any

pertinent factor." *United States v. Collins*, 828 F.3d 386, 388 (6th Cir. 2016) (alterations in original) (citations omitted). We review the district court's legal interpretations of the guidelines *de novo*, and its factual findings for clear error. *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011).

Because defendant raises his constitutional challenge to the career offender guidelines for the first time on appeal, we review it for plain error affecting his substantial rights. *United States v. Yancy*, 725 F.3d 596, 600 (6th Cir. 2013).

## III.

### a. Career Offender Status

Defendant first contends that the district court erred in relying on a 2008 career-offender sentence because the previous sentencing court wrongly applied the enhancement. Section 4A1.2(a)(2) of the Sentencing Guidelines provides:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence.

Defendant is correct. He committed his first qualifying offense on December 27, 2005; his second on January 24, 2006; and his third on February 28, 2006. His arrest for the December offense occurred on the same day as his arrest for the February offense – February 28, 2006. Officers did not arrest defendant for his January offense until April 12, 2006. The sentences for all three offenses were imposed on August 4, 2006.

Although defendant was cited for violation of a city marijuana code on February 10, 2006, this does not constitute an intervening arrest for purposes of § 4A1.2(a)(2), *United States v. Powell*, 798 F.3d 431, 437 (6th Cir. 2015), and no intervening arrest separated his single sentence for the three preceding offenses. Accordingly, defendant had only one qualifying predicate offense at the time of his 2008 federal sentencing and was not a career offender. Insofar as the district court below designated defendant a career offender based on his incorrect 2008 designation as such, it erred.

But this does not end our inquiry. Defendant's 2008 sentence qualifies as a predicate offense for career offender purposes. The district court was aware of defendant's prior state offenses and his 2008 federal offense, and defendant concedes that the district court correctly scored him as a career offender below. That being so, defendant's guidelines range was correctly calculated at 151 to 188 months.

Defendant speculates that the district court's reference to his erroneous 2008 career offender status "creates some uncertainty in the record about what sentence the district court would have imposed . . . had it properly understood the scoring of his criminal history." However, the district court's thorough discussion of defendant's criminal history and the circumstances of this case make it clear that defendant's commission of a drug offense while under sentence for a prior drug offense was decisive in crafting his sentence. A prior court's sentencing error is not imputed to a later district court where it had other correct bases for designating defendant a career offender. Any such error is harmless. *Id.* at 441 (harmless error where district court correctly calculates guidelines range despite a technical scoring error).

b. *Constitutional Challenge*

Defendant next argues that the career offender guidelines violate his Fifth Amendment rights to equal protection and freedom from deprivation of liberty without due process. Defendant raises myriad perceived shortcomings of the guidelines generally and career offender guidelines specifically, some conceded by the Sentencing Commission. *See* U.S. Sentencing Commission, *Fifteen years of Guideline Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform* (2004); U.S. Sentencing Commission, *Report to the Congress: Career Offender Sentencing Enhancements*, 25-45 (2016).

These are matters for the political branches, not the courts. After *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory rather than mandatory. District courts thus enjoy substantial discretion in matters of sentencing, and may even depart from the guidelines "based on articulated policy disagreements in a range of contexts." *United States v. Kamper*, 748 F.3d 728, 741 (6th Cir. 2014). But we have rejected the notion that district courts *must* depart downward from a career guideline sentence, recognizing that "district courts are best positioned – at least in the first instance – to sift through the facts of an individual case and determine an appropriate sentence for each defendant." *United States v. Cooper*, 739 F.3d 873, 883 (6th Cir. 2014). Although defendant raises issues concerning the career offender guidelines in general, he has not alleged a lack of due process or violation of equal protection in this case, and thereby fails to establish plain error.

**AFFIRMED.**