**NOT RECOMMENDED FOR PUBLICATION**
**File Name:  20a0451n.06**

**No. 19-4001**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Aug 03, 2020<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| ROGER PATRICK, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  GIBBONS, GRIFFIN, and THAPAR, Circuit Judges.

GRIFFIN, Circuit Judge:

After defendant Roger Patrick pleaded guilty to a federal gun charge, the district court imposed an above-guidelines sentence of 36 months of imprisonment.  Patrick challenges the procedural and substantive reasonableness of his sentence.  Finding no error in the district court's decision to vary upward, we affirm.

I.

In November 2018, Patrick sent a text message to the mother of his child, asking to see the child.  When she did not reply quickly enough, Patrick drove to her residence and began yelling and banging on the door and windows.  The woman called the police from inside, but by the time officers arrived, Patrick had left in his car.  Before long, Patrick returned, and when the officers approached him, he immediately put his hands outside of the vehicle and informed them he had a

gun under his seat.  The officers searched the car, found a pistol loaded with ammunition, and arrested Patrick.

A federal grand jury indicted Patrick for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  He pleaded guilty without a plea agreement. The United States Probation Office conducted a presentence investigation and prepared a report ("PSR") listing Patrick's offense level as 12 and his criminal history category as IV.  This resulted in a range under the Sentencing Guidelines of 21 to 27 months.  At sentencing, the district court varied upwards from the guidelines range and sentenced Patrick to 36 months of incarceration followed by 3 years of supervised release.  Patrick timely appealed.

## II.

We review the procedural and substantive reasonableness of a sentence for abuse of discretion.  *United States v. Collins*, 828 F.3d 386, 388 (6th Cir. 2016).

## A.

With respect to procedural reasonableness, a district court necessarily abuses its sentencing discretion if it fails to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, [or] adequately explain why it chose the sentence."  *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018).  When imposing a sentence, a district court does not need to recite the § 3553(a) factors; it merely needs to provide enough of an explanation to show that it has considered the parties' arguments and has a reasoned basis for exercising its authority.  *United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2008).

The § 3553(a) factors include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). At the sentencing hearing, the district court discussed this factor and referred to data compiled by the United States Sentencing Commission "comparing offenses in each of the six criminal history categories." The court noted that for fiscal year 2017, "[t]he average sentence nationally for the offenses involving 2K2.1 with a criminal history category IV is 54 months." The district court reiterated that statistic before imposing Patrick's sentence:

> So for all those reasons, pursuant to the Sentencing Reform Act of 1984 and 18 United States Code 3553(a), I will vary upward from the 27 months. Again, the [average] sentence nationally is 54 months. I don't believe that high is warranted. But certainly 27 months is not sufficient. And for those reasons I will impose 36 months custody in the Bureau of Prisons.

Patrick argues that the district court erred by anchoring its sentencing decision to the national average for all USSG § 2K2.1 defendants, regardless of their offense level.[1] Patrick's base offense level was 14, which is on the low end for 18 U.S.C. § 922(g)(1) convictions. And a two-level reduction for acceptance of responsibility brought his total offense level down to 12. *See* USSG § 3E1.1(a). Patrick argues that the district court thus compared him to dissimilar defendants who engaged in more serious conduct. According to Patrick, "[a] more appropriate comparison would have been the average sentence for § 2K2.1 offenses with a base level offense of 12, with a criminal history category of IV."

---

[1]The government argues that we should review this claim only for plain error because Patrick failed to raise it in the district court. At the end of the sentencing hearing, Patrick's counsel objected to the sentence imposed and "ask[ed] the Court to reconsider and impose a sentence within the guidelines for reasons previously stated." According to the government, this objection was too vague to preserve for full appellate review the argument he makes now. We need not resolve this question, however, because Patrick's claim fails regardless of whether plain-error review applies.

The problem with Patrick's argument is that the text of § 3553(a)(6) focuses on comparing the sentences of similarly situated defendants, not identically situated ones. Here, the district court limited its comparison to defendants who, like Patrick, had a criminal history category of IV and had committed offenses involving receipt, possession, or transportation of firearms or ammunition. *See* USSG § 2K2.1. We have repeatedly approved of district courts using such national statistics in assessing the need to avoid unwarranted sentence disparities. *See United States v. Boucher*, 937 F.3d 702, 713 (6th Cir. 2019); *United States v. Stock*, 685 F.3d 621, 629 n.6 (6th Cir. 2012); *see also United States v. Clemmons*, 757 F. App'x 413, 418–19 (6th Cir. 2018). Accordingly, the district court did not abuse its discretion by relying on this data in considering the § 3553(a)(6) factor.

B.

Patrick also challenges the substantive reasonableness of his sentence. An above-Guidelines sentence is neither presumptively reasonable nor presumptively unreasonable. *United States v. Robinson*, 813 F.3d 251, 264 (6th Cir. 2016). We review it for abuse of discretion, "whether . . . just outside, or significantly outside the Guidelines range." *United States v. Cunningham*, 669 F.3d 723, 728 (6th Cir. 2012) (citation omitted). But "a major departure should be supported by a more significant justification than a minor one." *Gall v. United States*, 552 U.S. 38, 50 (2007). We consider a sentence to be substantively unreasonable where the district court "place[s] too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Rayyan*, 885 F.3d at 442. It is in essence a claim that a sentence is "too long (if a defendant appeals) or too short (if the government appeals)." *Id.* Our review "will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. But we "must give due deference to the district court's

decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*; *see United States v. Johnson*, 934 F.3d 498, 502 (6th Cir. 2019) ("Reasoned judgments about the appropriate length of a sentence are largely for trial courts, not appellate courts.").

Here, Patrick argues that the district court "gave nearly no consideration to its charge to issue a sentence not greater than necessary to fulfill its the [sic] purposes of § 3553(a)(2), and to promote respect for the law." The record belies this assertion. At sentencing, the district court voiced its concern that "this is the defendant's fifth felony conviction, his fourth involving a firearm. It doesn't appear that any punishment has been sufficient to deter the defendant from criminal activity, more specifically activity involving firearms." The court also highlighted the seriousness of Patrick's prior conviction for robbery with a firearm, and that he was on parole at the time of his arrest in the instant matter. From these facts, the district court concluded that Patrick "[i]s a danger to the community" and that "the Court does not believe that 27 months is sufficient but not greater than necessary to impress upon the defendant that he cannot possess firearms." The court also specifically noted that the 54-month average from the statistical data was not warranted here before stating that "36 months is sufficient but not greater than necessary." Thus, the sentencing transcript shows that the district court carefully considered the factors listed in § 3553(a)(2).

Patrick also claims that the district court "did not give sufficient weight to [his] actions of cooperation and honesty" at sentencing. Again, the record shows that the district court carefully considered those facts. At the hearing, the court remarked that "[i]t does appear, to [Patrick's] credit, he was honest with law enforcement when stopped with the gun. So that is to his credit." The district court made clear, however, that Patrick's previous convictions and firearm use nevertheless necessitated a higher sentence than the guidelines range provided. We find no abuse

of discretion in that conclusion. *See Johnson*, 934 F.3d at 499–500, 502 (affirming an upward variance to the statutory maximum where the defendant "had repeatedly violated the gun-possession laws and showed no signs of changing his ways").

III.

For these reasons, we affirm the district court's judgment.