NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0219n.06

No. 20-3178

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Apr 22, 2021 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MICHAEL POWELL, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | **OPINION** |

BEFORE: GUY, SUTTON, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** This is Michael Powell's second sentencing appeal. He argues that the district court applied the wrong Guidelines range and failed to adequately consider the § 3553(a) factors in its decision to vary upward. Because we find the district court did not err in these respects, we **AFFIRM**.

**I.**

When the district court first sentenced him for conspiracy to possess with intent to distribute, Powell qualified for the career offender sentencing enhancement. *See United States v. Powell*, 781 F. App'x 487, 489–90 (6th Cir. 2019); U.S.S.G. § 4B1.1(a). The enhancement applied because of Powell's previous conviction under Ohio's drug trafficking statute, which criminalizes attempt crimes. Ohio Rev. Code §§ 2925.01, 2925.03; *see Powell* 781 F. App'x at 489–90.

After Powell's initial sentencing, we decided *United States v. Havis*. In that en banc case, we held that the Sentencing Guidelines "definition of 'controlled substance offense' does not

include attempt crimes." *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (en banc) (per curiam). So because Powell's original 140-month sentence rested on his career offender status—which in turn rested on his previous conviction for what was arguably an attempt crime then-categorized as a "controlled substance offense" under the Sentencing Guidelines—we vacated Powell's sentence and remanded for resentencing in light of *Havis*. *See Powell*, 781 F. App'x at 489–90.[1]

The district court held a resentencing hearing, where it concluded that Powell was not a career offender. Then, using the crack cocaine guideline, the court determined that Powell's recommended advisory range was 24 to 30 months. But after considering the parties' arguments and the 18 U.S.C. § 3553(a) factors, the court varied upward and gave Powell an above-Guidelines 74-month sentence.

Powell asks us to vacate this new sentence. He argues that the district court committed procedural error both by sentencing him for crack cocaine instead of powder cocaine and for improperly varying upward without adequately considering the § 3553(a) factors. Either error would require vacatur and remand. *See United States v. Gall*, 552 U.S. 38, 51 (2007) (describing both improper calculation of a Guidelines range and a failure to consider the § 3553(a) factors as "significant procedural error"); *United States v. Novales*, 589 F.3d 310, 314–15 (6th Cir. 2009) (vacating and remanding for resentencing where the district court failed to calculate the appropriate Guidelines range); *United States v. Johnson*, 488 F.3d 690, 699–700 (6th Cir. 2007) (vacating and

---

[1] *Havis* itself involved a Tennessee statute and not the Ohio statute that gave rise to Powell's previous conviction at issue here. But we have subsequently made clear that *Havis*'s logic extends to Ohio Rev. Code § 2925.03(A)(1), the statute at issue here. *United States v. Palos*, 978 F.3d 373, 375 (6th Cir. 2020).

remanding for resentencing where the district court did not discuss the § 3553(a) factors at sentencing).

**II.**

Whether a defendant challenges a sentence's procedural reasonableness in the district court determines the standard of review we apply. Powell raised his powder/crack argument at resentencing, so we review that argument for abuse of discretion. *See United States v. Collins*, 828 F.3d 386, 388 (6th Cir. 2016). But Powell failed to dispute the district court's application of the § 3553(a) factors at his resentencing, so we review for plain error. *See United States v. Zobel*, 696 F.3d 558, 566 (6th Cir. 2012) (citing *United States v. Phillips*, 516 F.3d 479, 487 (6th Cir. 2008)).

We foreclosed Powell's first argument in our prior opinion. "[I]t is appropriate to convert powdered cocaine into cocaine base for sentencing purposes, if facts show that an object of the conspiracy was to convert powder to crack." *United States v. Bingham*, 81 F.3d 617, 628 (6th Cir. 1996). As we explained in the first appeal, "even though Powell never directly sold crack, Powell admitted that he conspired with [a coconspirator] to distribute crack cocaine by providing him with necessary powder cocaine." *Powell*, 781 F. App'x at 489. It is true that Powell never bought crack cocaine, sold crack cocaine, or even attended a sale of crack cocaine to further this conspiracy. But actual possession is irrelevant. *See United States v. Colon*, 268 F.3d 367, 375 (6th Cir. 2001) (possession is not an element of conspiracy to possess with intent to distribute). Rather, conspiracy to possess with intent to distribute requires only an agreement to violate federal drug law, knowledge and intent to join the conspiracy, and participation in the conspiracy. *See* 21 U.S.C. §§ 841(a), 846; *Colon*, 268 F.3d at 375.

Powell's conduct satisfies each element. As the district court explained at Powell's initial sentencing: "Mr. Powell was involved with powder which was then later cooked by [a coconspirator] into crack." (R.410, Sentencing Hr'g Tr., at PID#2429.) Powell's Presentencing Investigation Report explains that he facilitated two transactions between the conspiracy's kingpin and an acquaintance of his, who was offering cheaper powder cocaine. Powell personally initialed every page of the factual basis document describing this conduct, in addition to signing and dating the final page. And after the district court reiterated the elements at his change of plea hearing, Powell pled guilty. So the district court properly applied the Guidelines range for crack cocaine, rather than the range for powder cocaine.

Powell next argues that the district court's above-Guidelines sentence was procedurally unreasonable because the trial court failed to adequately consider the § 3553(a) factors. *See Gall*, 552 U.S. at 51. These factors include the defendant's history and characteristics, the nature and circumstances of the offense, the need to protect the public, the need to adequately deter criminal conduct, the Guidelines sentencing range, and the need to avoid unwarranted sentence disparities, among others. 18 U.S.C. § 3553(a). A district court doesn't need to explicitly consider each § 3553(a) factor for us to uphold its sentence as procedurally reasonable. *United States v. Jeross*, 521 F.3d 562, 582–83 (6th Cir. 2008). Instead, a sentencing judge need only "set forth enough [explanation] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

The hearing transcript betrays Powell's argument. The district court gave significant weight to Powell's recidivism, noting a "continuing pattern of drug trafficking." At resentencing, Powell had four previous drug trafficking convictions, including three for crack cocaine and one

for opioids. These convictions spanned fourteen years. He had already served two prison terms, one for two years and another for 36 months. Just eight months after his most recent sentence ended, Powell became involved in this conspiracy, his fifth drug offense. The district court lamented that these earlier sentences had failed to deter Powell. (R.499, Resentencing Hr'g Tr., at PID#2911 ("You've already had the benefit of these earlier sentences. They did not get through to you apparently. . . . You did 36 months. That didn't serve any purpose. You're back selling again.").)

The district court also considered the specific circumstances surrounding Powell's crime. Police found $21,800 in cash when they searched Powell's apartment. The district court concluded that this amount of cash suggested drug dealing at "a fairly high level."

And the district court discussed the sentence's need "to protect the public from further crimes of the defendant" multiple times. *See* 18 U.S.C. § 3553(a)(2)(C). Powell's victims, the district court said, were those who became addicted to cocaine because of Powell's distribution as well as their families, who suffer alongside them. The court also referenced an ongoing problem in northeast Ohio, where dealers mix powder cocaine with fentanyl or heroin and kill unsuspecting users. But it disregarded this observation after a dialogue with the prosecutor, who told the court that there was no evidence of mixing in the instant conspiracy. In any event, the district court determined that a Guidelines sentence could not "protect the public." *Id.*

Powell specifically challenges the district court's use of the national average sentence. But § 3553(a) explicitly directs district courts to consider the potential for sentencing disparities. *See* 18 U.S.C. 3553(a)(6). We've repeatedly consulted the national averages ourselves when deciding whether a sentence is substantively reasonable. *See, e.g.*, *United States v. Stock*, 685 F.3d 621, 629–30, 629 n.6 (6th Cir. 2012). And we've endorsed the use of national averages as "a starting

5

point for district judges in their efforts 'to avoid unwarranted sentence disparities among defendants with similar criminal records who have been found guilty of similar conduct.'" *Id.* at 629 n.6 (quoting 18 U.S.C. § 3553(a)(6)).

The district court handed down the average sentence precisely because Powell's "role in the conspiracy compared with other defendants[ and] the quantity of drugs attributable to the defendant" convinced him that "the average sentence is appropriate here." (R.499, Resentencing Hr'g Tr., at PID#2922.) And Powell cannot complain that by considering the national average the district court failed to use the Guidelines range as a benchmark. The district court calculated the proper Guidelines range at the beginning of the hearing. (*Id.* at PID#2893 ("24 to 30 months will be the advisory range.").) It then determined the range was too low. (*See id.* at PID#2923–24 (stating that Powell's history of drug crimes, the amount of cash in his apartment at the time of his arrest, and the speed with which he reoffended after his most recent sentence justified "a substantial upward variance" to the national average sentence of 74 months).)

The district court's discussion of Powell's criminal history, recidivism, the large sum of cash in Powell's apartment, the need to incapacitate Powell, and the national average sentence for defendants with similar criminal histories, convinces us that the district court's consideration of the § 3553(a) factors was adequate. No plain error occurred.

## III.

We **AFFIRM**.